[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13975
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2009
THOMAS K. KAHN
CLERK

Agency No. A97-658-423

QI JU LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 17, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Qi Ju Lin, a native and citizen of China, petitions this Court for review of the

denial of his application for asylum and withholding of removal under the Immigration and Nationality Act. INA § 241(b)(3); 8 U.S.C. §§ 1158, 1231(b)(3). The Board of Immigration Appeals and immigration judge denied the application based on a finding that Lin was not credible. We deny the petition.

We review credibility findings under the substantial evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006). Adverse credibility findings will be reversed "only if the evidence 'compels' a reasonable fact finder to find otherwise." Id. at 1231(quoting Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (internal quotation marks omitted)). An adverse credibility finding may be based on inconsistencies, inaccuracies, and falsehoods in the applicant's oral and written statements. 8 U.S.C. § 1158(b)(1)(B)(iii).

The record does not compel a reasonable fact finder to reverse the adverse credibility finding or to conclude that Lin established eligibility for asylum and withholding of removal. Substantial evidence supports the decision of the Board that Lin was not credible, see Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001), and the immigration judge provided specific and cogent reasons to support that finding. Chen, 463 F.3d at 1231. Lin gave implausible testimony about his practice of Falun Gong in a public park and the capture of several members of his group. Lin could not identify half of the small group of participants or the park where they met, he gave a vague and inconsistent account

of his travel to the United States, and he failed to provide authentic evidence of his identity. The letters Lin submitted from his father and his mentor in Falun Gong do not substantiate his claim of persecution. Both letters match the format and terminology of Lin's application and the mentor's letter did not state that he had been forced to hide from authorities or practice Falun Gong secretly.

Lin's petition for review is **DENIED**.

**PETITION DENIED.**